

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,167

### EX PARTE CARL EDDIE MILLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT
### FROM TRAVIS COUNTY

KEASLER, J., filed a concurring and dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### CONCURRING AND DISSENTING OPINION

I do not agree with the majority's decision to hold that appellate counsel was ineffective for failing to challenge the legality of Carl Eddie Miller's sentence. As the majority observes, we are required to presume that counsel provided "reasonable professional assistance" and that the "challenged action 'might be considered sound trial strategy.'"[1] The record indicates that trial counsel did not challenge the sequence of the enhancements because he knew that the second offense had in fact been committed after the first

---

[1] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

enhancement offense. So while the pen packets submitted at trial did not prove that Miller's first enhancement conviction was final before he committed the second enhancement offense, the sequential enhancements were nevertheless proper. I cannot presume that appellate counsel did not research this issue and reach the same conclusion. Knowing that Miller was indeed subject to sequential felony enhancements, it is not unreasonable to conclude that he made a strategic decision not to challenge the legality of Miller's sentence on appeal. Had appellate counsel raised the issue on appeal, the court of appeals would have granted Miller a new punishment hearing. But prevailing under these circumstances may have been regarded as a hollow victory. Miller would have been subject to the same sequential felony enhancements and the same punishment range. Miller would have then faced the prospect of receiving a harsher sentence the second time around. Therefore, under these circumstances, a reasonable appellate attorney could have determined that the risk to Miller outweighed any benefit of receiving a new punishment hearing. The majority unjustifiably concludes that counsel rendered deficient performance because the trial judge, on resentencing, would have been precluded from assessing a sentence greater than the thirty years originally assessed.[2] But this is true only if there had been no relevant and damaging sentencing evidence of (1) Miller's conduct that occurred after his original sentence was imposed or (2) evidence that the State, despite exercising due diligence, could not have

---

[2] *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 798 (1989).

offered during the first punishment hearing.[3]  That the State has not offered any new damaging punishment evidence in this proceeding does not in any way negate the fact that it retained the option to do so on resentencing. The potential consequences involved in challenging the legality of Miller's sentence, which we should assume that appellate counsel took into account, remain true today.  When reassessing punishment, the trial judge will have the opportunity to consider any skeletons in Miller's closet that were not available when he was first sentenced.  In the end, with his original sentence at the low end of the applicable punishment range, Miller may come to regret his decision to advance this claim on habeas.

DATE DELIVERED: October 28, 2009
PUBLISH

---

[3]  *Pearce*, 395 U.S. at 723 ("A trial judge is not constitutionally precluded . . . from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities.") (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *Smith*, 490 U.S. at 798.